**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

CHUBB INSURANCE COMPANY OF
NEW JERSEY and EXECUTIVE RISK
INDEMNITY, INC.

     *Petitioners,*

-against-

JEAN-FRANCOIS SERVAL,

     *Respondent.*

---------------------------------------------------------------------X

**Index No.: 1:21-mc-00448**

*Relates to subpoena issued in*
*S.D. Fla. Case No. 1:20-cv-20569*

**THE CHUBB PARTIES' MOTION TO ENFORCE
SUBPOENA ISSUED TO THE PURPORTED MAJORITY
PARTNER OF PLAINTIFF CONSTANTIN ASSOCIATES, LLP**

Petitioners Chubb Insurance Company of New Jersey ("Chubb New Jersey") and

Executive Risk Indemnity, Inc. ("Executive Risk") move, pursuant to Fed. R. Civ. P.

45(d)(2)(B)(i), for entry of an order compelling Jean-Francois Serval, the purported

majority partner of Plaintiff Constantin Associates, LLP, to appear for deposition and

produce documents.[1]

### EXECUTIVE SUMMARY

This discovery dispute arises from an insurance coverage action involving what is

commonly known as a *Coblentz* agreement[2] in the Southern District of Florida (the "SDFL

---

[1] Legend of parties: SDFL Case Defendants/ Counter-Plaintiffs Chubb New Jersey and Executive Risk are collectively referred to as the "Chubb Parties." SDFL Case Plaintiffs/ Counter-Defendants ECB USA, Inc., Atlantic Ventures, Corp., and G.I.E. C2B are collectively referred to as the "ECB Parties." SDFL Case Plaintiff/ Counter-Defendant Constantin Association, LLP is referred to as Constantin Associates. The Chubb Parties, the ECB Parties, and Constantin Associates are collectively referred to as the "Parties." Non-party Control Associates/ Constantin Group LP D/B/A Constantin Control Associations LP is referred to as "Control Group."

[2] Under Florida law, a *Coblentz* agreement "involves an agreement for entry of a consent judgment against an insured in situations where the insurer declines to defend or offers to defend under a reservation of rights. ... In return for a stipulated judgment, the claimant agrees not to execute against

Case"). A material issue in this litigation is whether Constantin Associates qualifies as a subsidiary under the applicable insuring agreement between Chubb New Jersey and Control Group. Constantin Associates has admitted that it has no documents to support this theory. However, the Plaintiffs have speculated that various oral agreements qualify Constantin Associates as a subsidiary under the insuring agreement.

Mr. Serval is one of two partners—and allegedly the majority partner—of Plaintiff Constantin Associates, a New York partnership that maintains its principal office in Manhattan. Mr. Serval also apparently is a party to the oral agreements that allegedly qualify Constantin Associates as a subsidiary of Control Group. Despite being one of the two partners[3] of one of the Plaintiffs in the SDFL Case, Mr. Serval has resisted appearing for deposition. He should be ordered to do so and also to produce any requested documents.

## Legal Standard Under Rule 45

"Rule 45(c) provides in relevant parts that a subpoena may command a person to attend a deposition or to produce documents no more than 100 miles from where that person 'resides, is employed, or regularly transacts business in person.'" *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016) (Kaplan, J.) (quoting Fed. R. Civ. P. 45(c)(1)). The Subpoena here required compliance within the Southern District of New York. "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

---

the insured." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1147 n.2 (11th Cir. 2010) (citing *Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969)).

[3] While the point may be disputed, Constantin Associates has produced documents in the SDFL case, that, on their face, indicate that Mr. Serval is its majority partner, inasmuch as those documents indicate that (1) he is the 85% owner; (2) Adriana Agbo is the minority partner with 15% ownership; and (3) there are no other partners.

PROCEDURAL  HISTORY  OF  THE  SUBPOENA

On January 20, 2021, Chubb New Jersey provided notice that it intended to serve a subpoena on Mr. Serval and, pursuant to Fed. R. Civ. P. 45(a)(4), provided a copy of the proposed subpoena (the "Serval Subpoena") to counsel for Constantin Associates  and the ECB Parties.[4]  The relevant parties  then entered into a stipulation  dated February 17, 2021 regarding the Subpoena (the "Serval Subpoena Stipulation").[5]

On March 12, 2021, Mr. Serval and Constantin Associates  served objections to the Serval Subpoena (the "March  12, 2021 Objection").[6]  The March  12, 2021 Objection indicated  that Mr. Serval objected to the Serval Subpoena to depose him based on the French Blocking Statute and speculated  that Mr. Serval would face potential criminal and civil penalties  if he were to testify  and further asserted  that because Mr. Serval is not a party to the SDFL Case, the court does not have jurisdiction  over him.[7]

Following  the March 12, 2021 Objection,  by email from its undersigned  counsel dated March 26, 2021, the Chubb Parties  proposed an additional  stipulation where the Chubb Parties  "would forego seeking to enforce the Subpoena—and essentially  have the Court sustain the objection,  if it were to be agreed that (i) Mr. Serval will not submit  any declaration,  affidavit,  or other similar  written  statement  to be filed or submitted  with any motion  or other submission  in this case; and, (ii) Mr. Serval will not testify at trial."[8] By email dated April 1, 2021, counsel for Constantin  Associates  rejected that proposal.[9]

---

[4] See **Exhibit 1**, Serval Subpoena. Subsequently, the Serval Subpoena was twice amended to account for scheduling changes and to include deposition topics and the production of documents.

[5] See **Exhibit 2**, Serval Subpoena Stipulation.

[6] See **Exhibit 3**, March 12, 2021 Objection.

[7] See id.

[8] See **Exhibit 4** (March 26, 2021 email between counsel).

[9] See **Exhibit 5** (April 1, 2021 email between counsel).

On May 10, 2021, the Chubb Parties served the Serval Subpoena on Mr. Serval via email to his business email address: jfserval@constantinusa.com and by FedEx to his apartment in Manhattan, his house in France, and his business office in France.[10] FedEx provided confirmation of delivery to Mr. Serval's addresses in Manhattan and France the same week.[11]

### WHO IS JEAN-FRANCOIS SERVAL AND WHY IS HIS DEPOSITION MATERIAL TO THE SDFL CASE?

Constantin Associates is a limited liability partnership registered in New York.[12] It is undisputed that Mr. Serval is one of the two partners of Constantin Associates, along with Adriana Agbo. Constantin Associates publicly claims "it implements a direct personnel of around fifty professionals, in its offices in New York and San Francisco under the management of Daniel Nagle, Jean-François Serval, Adriana Agbo, and Marc Biquard."[13] In addition to managing around 50 professionals in New York, Mr. Serval owns an apartment in Manhattan.[14]

Further, in their January 19, 2021 interrogatory responses, the ECB Parties indicated that Mr. Serval provided an oral proxy of his majority voting rights to Control Group, which, according to the ECB Parties, qualifies Constantin Associates as a "Subsidiary" under the insuring agreement that is the subject of the SDFL Case.[15]

---

[10] *See* **Exhibit 6** (May 10, 2021 Letter from Chubb Parties' Counsel to Constantin Associates' Counsel Regarding Service by Email and FedEx).

[11] *See* **Exhibit 7** (May 14, 2021 Letter from Chubb Parties' Counsel to Constantin Associates' Counsel Regarding FedEx Confirmations of Delivery of Serval Subpoena).

[12] *See* **Exhibit 8** (Constantin Associates' registration from the New York State – Division of Corporations).

[13] *See* **Exhibit 9** (Constantin Associates' marketing brochure).

[14] *See* Exhibit 6, at Exhibit E (Mr. Serval's Manhattan apartment).

[15] *See* **Exhibit 10** (ECB Parties' January 19, 2021 Responses to Chubb New Jersey's First Set of Interrogatories, at Response to Interrogatory No. 1).

However, Constantin Associates has indicated that there are no documents related to this proxy.[16] Among other things, this is why it is necessary for the Chubb Parties to depose Mr. Serval. It is clear that Mr. Serval's testimony is relevant to the facts at issue in the SDFL Case.[17]

Obviously, the best source to verify this information would be a written partnership agreement or operating agreement from Constantin Associates. Previously, Constantin Associates claimed it has no operating agreement, and, with respect to a partnership agreement, if Constantin Associates had one, it claims that agreement could not be found after a diligent search.[18] More recently, however, Constantin Associates stated that it has an oral partnership agreement.[19] Without any documentation to show that Constantin Associates is a subsidiary of Control Group, Mr. Serval's deposition is critical to resolving these discrepancies, providing reliable answers, and assisting in the resolution of the SDFL Case.

The bottom line is that Mr. Serval's testimony is required to sort out the details of his ownership interest in Constantin Associates and the alleged oral proxy that the ECB Parties claim he gave to Control Group 15 years ago. Mr. Serval undoubtedly has "unique, non-repetitive, firsthand knowledge of the facts at issue in this case." *Apple Inc. v. Corellium, LLC*, 2020 WL 1849404, at *3 (S.D. Fla. Apr. 13, 2020) (Matthewman, M.J.)

---

[16] *See* **Exhibit 11** (Chubb New Jersey's September 25, 2020 Subpoena for Documents to Constantin Associates); **Exhibit 12** (Constantin Associates' October 8, 2020 Response to that Subpoena).

[17] No relevance objection has been asserted to the Serval Subpoena.

[18] *See* **Exhibit 13** (Chubb New Jersey's January 10, 2021 Amended Subpoena for Deposition to Constantin Associates, at Schedule B ¶¶ 1-2); **Exhibit 14** (Chubb New Jersey's January 10, 2021 Amended Subpoena for Documents to Constantin Associates, at Exhibit A ¶¶ 1-2); **Exhibit 15** (Constantin Associates' February 22, 2021 Response to January 20, 2021 Subpoenas, at ¶¶ 1-2).

[19] *See* **Exhibit 16** (Constantin Associates' April 26, 2021 Response to Chubb Parties' First Request for Admissions, at ¶¶ 101-03).

(permitting deposition of one of the plaintiff's alleged "apex" employees); *Chevron Corp. v. Donziger*, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (Francis, M.J.) (holding that deposition of plaintiff's chairman and CEO was permitted due to him having "relevant knowledge" and "personal knowledge of the…issues…underlying the…litigation"); *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (Netburn, M.J.) (directing defendant's co-CEO to be produced for deposition because, "[a]lthough his knowledge may not be unique, it is relevant and non-cumulative because of [defendant's] own unwillingness or inability to be forthcoming with discovery on this matter").

Moreover, the Chubb Parties have exhausted written discovery on this issue and a deposition of anyone other than Mr. Serval as to his recollection of something he said (but never wrote down) more than fifteen years ago would be, at best, double-hearsay.

## THE ARGUMENTS IN THE MARCH 12, 2021 OBJECTION ARE WITHOUT MERIT

Based on the weight of the applicable case law, Mr. Serval should be required to appear for deposition. Federal courts have overwhelmingly rejected subjecting themselves to the French Blocking Statute and have instead applied the standard Federal Rules of Civil Procedure to similar factual circumstances.

Mr. Serval is one of two partners of Constantin Associates—the assignor of the *Coblentz* assignment at the center of this case. Additionally, since the Serval Subpoena Stipulation was entered into, Plaintiffs filed a Fourth Amended Complaint on February 26, 2021, *see* [SDFL ECF No. 79], wherein Constantin Associates was added as a plaintiff.

Mr. Serval, as one of two partners of Plaintiff Constantin Associates, a limited liability partnership, qualifies as a director, officer, and/or managing agent of Constantin Associates. As such, he is considered to be a party to this action—a Plaintiff—and as a

Plaintiff he is subject to being deposed in the forum where the action is pending. *See In re Willingham*, 2014 WL 3697556, *4 (Bankr. M.D. Fla. July 18, 2014) ("Foreign nationals who qualify as managing agents of a party may be subject to deposition pursuant to notice.") (quoting *Calderon v. Experian Information Solutions, Inc.*, 290 F.R.D. 508, 517 (D. Idaho 2013)); *Levick v. Steiner Transocean, Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) ("The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum.").

Nonetheless, the Chubb Parties have not insisted on exercising their right to depose Mr. Serval in the SDFL. They have not even insisted on deposing Mr. Serval at all. The Chubb Parties have instead offered to refrain from deposing Mr. Serval if the ECB Parties and Constantin Associates will stipulate that he will not testify at trial. That offer was refused. The Chubb Parties have also offered to depose Mr. Serval by videoconference, which was also refused. But Mr. Serval is not legally entitled to refuse all of the Chubb Parties' reasonable proposals. Indeed, in a similar situation where a party made both of those reasonable proposals to the opposing party, the court held that the opposing party must accept one of them. *See id.* at *4-5.

### MR. SERVAL'S COUNSEL ALREADY AGREED TO ACCEPT SERVICE OF THE SERVAL SUBPOENA

Mr. Serval also contends that the Serval Subpoena still has not been properly served. However, one of the purposes of the Serval Subpoena Stipulation was to accomplish service of the Serval Subpoena. The Chubb Parties understood that Mr. Serval was reserving objection under the French Blocking Statute but that the Serval Subpoena was served by the Serval Subpoena Stipulation. Otherwise, there would have been no reason for any stipulation in the first place. Courts in this district, the district

where the case is pending, and many others, have found that counsel can accept service on behalf of their client. *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2-3 (S.D.N.Y. Nov. 11, 2020) (Gardephe, J.) (accepting service of subpoena by serving counsel via email and certified mail); *Baron Philippe De Rothschild, S.A. v. Paramount Distillers, Inc.*, 1995 WL 86476, at *1 (S.D.N.Y. Mar. 1, 1995) (Buchwald, M.J.); *Knopf v. Esposito*, 2020 WL 6589593, at *2 (S.D.N.Y. Nov. 11, 2020) (ruling that serving a subpoena on a witness may be made "through an email to [his counsel] having already hand delivered a subpoena for his deposition to her law firm"); *Watkins v. Ramirez*, 2015 WL 5118365, at *3 (S.D. Fla. Aug. 31, 2015) (Bloom, J.) (ruling that service upon counsel is effective when client authorizes attorney to accept service); *Tiki Shark Art Inc. v. CafePress, Inc.*, 2014 WL 3928799, at *5 (D. Haw. Aug. 12, 2014) (Seabright, J.) ("[S]ervice of a Rule 45 subpoena may also be accomplished where counsel accepts service on behalf of a non-party witness.").

Mr. Serval agreed to accept service of the Serval Subpoena, through his counsel, by indicating that "it is agreed that *the Serval Deposition Subpoena shall be deemed served as of the Effective Date of the February 17, 2021 Serval Deposition Subpoena Stipulation*;" what was reserved was the right to lodge objections pursuant to Article 1 of Law No. 68-678 of 26 July 1968, which is commonly referred to as the "French Blocking Statute."[20]

### THE OBJECTIONS UNDER THE FRENCH BLOCKING STATUTE ARE WITHOUT MERIT

On the merits, Mr. Serval indicates that "any attempt to compel by subpoena Mr. Serval to attend a deposition in this action would also violate the French Blocking

---

[20] Exhibit 2, ¶¶ 4-6.

Statute."[21] However, Supreme Court precedent is clear that the French Blocking Statute cannot prohibit the discovery process in the American judicial system so long as the proceedings do not take place in a foreign country. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 (1987). Further, statutes such as the French Blocking Statute "do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Id.* at 544 n.29. The holding in *Aérospatiale* has been followed by federal courts around the country.[22] In addition, many other federal courts, while not applying or predating *Aérospatiale*, have similarly held that they would not subject themselves to the French Blocking Statute.[23]

One of the arguments that Mr. Serval advances is that participating in discovery will subject him to being prosecuted by the French government for violating the French Blocking Statute.[24] This is a classic argument that French citizens or entities have used

---

[21] *See* Exhibit 3, ¶ 4.

[22] *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 258 (M.D.N.C. 1988) (Eliason, M.J.) (holding that the French Blocking Statute does not impinge on an important sovereign interest of France); *Meadwestvaco Corp. v. Rexam PLC*, 2010 WL 5574325, at *2 (E.D. Va. Dec. 14, 2010) (Jones, M.J.) ("Defendants have made no showing that disclosure of the information plaintiffs seek would compromise French sovereignty."); *Metso Minerals Indus., Inc. v. Johnson Crushers Int'l*, 276 F.R.D. 504, 505 (E.D. Wis. 2011) (Adelman, J.) (concluding that *Aérospatiale* already dismissed plaintiffs' argument that they fear prosecution in France for violating the French Blocking Statute); *In re Global Power Equip. Grp. Inc.*, 418 B.R. 833, 851 (Bankr. D. Del. 2009) (Shannon, J.) (applying the Supreme Court's comity analysis in *Aérospatiale* and finding that the Federal Rules of Civil Procedure would be used to obtain the information located in France); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, 54-55 (E.D.N.Y. 2010) (Pohorelsky, M.J.) (same).

[23] *Adidas (Canada) Ltd. v. S.S. Seatrain Bennington*, 1984 WL 423 (S.D.N.Y. May 30, 1984) (Leval, J.); *Bodner v. Banque Paribas*, 202 F.R.D. 370 (E.D.N.Y. 2000) (Go, M.J.); *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 228 (E.D.N.Y. 2007) (Matsumoto, M.J.) (ruling that that discovery would go through the Federal Rules of Civil Procedure because, among other things, "[p]laintiffs do not have viable alternative means of securing the discovery, as the Hague Convention can be costly, uncertain and time-consuming").

[24] *See* Exhibit 3, ¶ 9 ("Pursuant to the French Blocking Statute, Mr. Serval faces potential criminal and civil penalties if he were to testify at a deposition pursuant to the Deposition Subpoena at issue.); *id.* ¶

to avoid producing discovery. Yet, courts have routinely dismissed this theory. In an

opinion that has become the leading decision on this point, while serving as a district

court judge, Judge Leval found that:

> It is inconceivable that [the French Blocking Statute] is to be taken at face
> value as a blanket criminal prohibition against exporting evidence for use
> in foreign tribunals. For if it were, French nationals doing business abroad
> would be at the mercy of their business counterparts: they would be unable
> to redress breaches and frauds committed against them by suit in foreign
> courts since they would be barred from supporting their claims with their
> documents. . . . The legislative history of the statute gives strong indications
> that it was never expected or intended to be enforced against French
> subjects but was intended rather to provide them with tactical weapons and
> bargaining chips in foreign courts.

*Adidas*, 1984 WL 423, at *3. *See also In re Photochromic Lens Antitrust Litig.*, 2012 WL

12904331, at *2 (M.D. Fla. May 2, 2012) (Jenkins, M.J.) ("[T]he danger of prosecution is

speculative."); *Bodner*, 202 F.R.D. at 375 ("As held by numerous courts, the French

Blocking Statute does not subject defendants to a realistic risk of prosecution, and cannot

be construed as a law intended to universally govern the conduct of litigation within the

jurisdiction of a United States court."); *Rich*, 121 F.R.D. at 258 ("In general, broad

blocking statutes, including those which purport to impose criminal sanctions, which

have such extraordinary extraterritorial effect, do not warrant much deference."); *SNP*

*Boat Serv. S.A. v. Hôtel le St. James*, 483 B.R. 776, 787 (S.D. Fla. 2012) (Moore, J.) (citing

*Aérospatiale* and finding that "the bankruptcy court did not abuse its discretion when it

disregarded the French blocking statute and ordered that representatives of [the debtor

French corporation] be deposed"); *Crystal Cruises, Inc. v. Rolls-Royce PLC*, 2011 WL

11555506, at *1 (S.D. Fla. Nov. 8, 2011) (O'Sullivan, M.J.) (citing *Aérospatiale*, Judge

---

14 ("Further, the possibility of criminal prosecution weighs in favor of the Hague Convention
mechanisms being employed since Mr. Serval did not impose the potential hardship upon himself . . . .").

O'Sullivan found "that the French Blocking Statute does not prevent this Court from compelling Converteam to provide responses to Plaintiffs' discovery requests pursuant to the Federal Rules of Civil Procedure"); *see also Vitality Sys., Inc. v. Sogeval Labs., Inc.*, 2010 WL 11507286 (M.D. Fla. Feb. 3, 2010) (Jenkins, M.J.) (same).

Constantin Associates has also contended that Hague Convention procedures are more appropriate because Mr. Serval is a non-party. This argument is flawed. Constantin Associates raised *Coloplast A/S. v. Generic Med. Devices, Inc.*, 2011 WL 6330064 (W.D. Wash. Dec. 19, 2011) (Settle, J.) to note that international treaties must be followed in order to depose a foreign party who is not subjected to an American court's jurisdiction. This case is distinguishable from the instant facts because the proposed deponent in *Coloplast* was not subpoenaed and the court analyzed this issue under Fed. R. Civ. P. 30, not based on the French Blocking Statute or the procedures under the Hague Convention. *Id.* at *3. Here, Mr. Serval was subpoenaed and his counsel agreed to the Serval Subpoena Stipulation on February 17, 2021.

Another flaw in this argument is that non-parties do not receive different treatment than parties under the Hague Convention. The Supreme Court held in *Aérospatiale* that "the text of the Convention draws no distinction between evidence obtained from third parties and that obtained from the litigants themselves." *Aérospatiale*, 482 U.S. at 541. Further, in *In re Vivendi Universal, S.A. Sec. Litig.*, 2006 WL 3378115 (S.D.N.Y. Nov. 16, 2006) (Pitman, M.J.), a non-party sought a protective order to require the discovery of documents to go through the Hague Convention. *Id.* at *1. Despite the non-party being threatened with prosecution by French agencies for potentially violating the French Blocking Statute, Judge Pitman found that the

"speculative possibility of prosecution is insufficient to displace the Federal Rules of Civil Procedure," and granted the plaintiffs' motion to compel the non-party to produce the documents. *Id.* at *4.

### THE SERVAL SUBPOENA WAS SERVED UPON MR. SERVAL VIA EMAIL AND FEDEX

District courts in and outside of the Second Circuit recognize that email, independently or in conjunction with other manners of service, satisfy Rule 45's service requirements for a subpoena. *See, e.g., S.E.C. v. Genovese*, 2018 WL 2244466, at *6 (S.D.N.Y. Feb. 16, 2018) (Koeltl, J.) (ruling that the plaintiff may "[s]erve any…subpoenas, including subpoenas to non-parties, by personal service, facsimile, overnight courier, email, or first-class mail on an individual, entity, or the individual's or entity's attorney"); *S.E.C. v. Spark Trading Grp., LLC*, 2018 WL 2244689, at *4 (E.D.N.Y. Mar. 12, 2018) (Cogan, J.) (ruling that "[s]ervice of any…subpoenas may be made by personal service, facsimile, email, overnight courier, or first-class mail"). Thus, when the Chubb Parties emailed the Serval Subpoena to Mr. Serval on May 10, 2021 they effected proper service of the Serval Subpoena. The Chubb Parties also did this through mailing the Serval Subpoena via FedEx to Mr. Serval.

With respect to the Serval Subpoena being sent to Mr. Serval's addresses in France and via email, "service of [] third-party subpoenas…may be made by FedEx. . . under Rule 4(f)(1) and Article 10(a) [of the Hague Convention]" as long as the receiving state has not objected to that method of service. *TracFone Wireless, Inc. v. CNT Wireless LLC*, 2019 WL 5863911, at *2-3 (S.D. Fla. Nov. 8, 2019) (Gayles, J.); *TracFone Wireless, Inc. v. Does*, 2011 WL 4711458, at *5 (S.D. Fla. Oct. 4, 2011) (Turnoff, M.J.) (finding that "service of a U.S. subpoena by mail can be made under Article 10(a) of the Hague Service

Convention, provided the destination country does not object to service of foreign legal documents by mail"); *In re 3M Combat Arms Earplug Products Liab. Litig*., 2020 WL 5578428, at *5–6 (N.D. Fla. Feb. 18, 2020) (Jones, M.J.) (finding that "Article 10(a) applies to the service of discovery subpoenas on foreign nonparties" and thus finding that a "Rule 45 subpoena, therefore, was served validly under Article 10(a) of the Hague Service Convention" to an entity in France).

Therefore, in addition to properly serving the Serval Subpoena on Mr. Serval via email and to his address in New York via FedEx, the Chubb Parties also effected proper service by mailing the Serval Subpoena to Mr. Serval via FedEx to his addresses in France.

## CONCLUSION

For the reasons set forth herein, the Chubb Parties request that the Court enter an order compelling Mr. Serval to appear for his deposition.

Dated:  May 19, 2021

Aaron S. Weiss (NYAR # 4222162)
Email: aweiss@carltonfields.com
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, New York 10174
Telephone: 212.785.2577

*Attorneys for Petitioners*

### CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2021, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List by electronic mail.

*/s/ Aaron S. Weiss* _____

Joel S. Magolnick
Email: magolnick@mm-pa.com
John E. Kirkpatrick
Email: kirkpatrick@mm-pa.com
Marko & Magolnick, P.A.
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: 305-285-2000

*Attorneys for ECB Plaintiffs*

Roy M. Hartman
Email: rhartman@sacherzelman.com
Sacher, Zelman, Hartman, P.A.
9130 S. Dadeland Blvd, Suite 2000
Miami, Florida 33156
Telephone: 305-371-8797

*Attorney for Respondent Jean-Francois Serval and Plaintiff Constantin Associates, LLP*